FILED

IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 DEC 27 PM 2:11

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CASE NO. 3:11-cv-1266-J-12JBT

KURT GILL,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, KURT GILL, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant") or ("Enhanced") is a limited company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. In connection with collection of an alleged debt in default, Defendant called Plaintiff's mother "Jean Gill" ("Jean"), on September 7, 2011, and at such time, Defendant disclosed the existence of Plaintiff's alleged debt.

11. At no time during the September 7, 2011 phone call did Defendant inform Jean that the call was for the purpose of obtaining location information.

12. Defendant called Plaintiff's mother, Jean, on October 20, 2011 at 2:20 P.M., and at such time, left the following pre-recorded voicemail message:

> "Please delete this message as it is not for you. This is Bob with Enhanced Recovery Company. We're a collection agency attempting to collect debt and any information obtained will be used for that purpose. Please contact me about this important business matter at 800-496-8513 or visit www.payerc.com and provide the following reference number 50527078."

13. At no time during the October 20, 2011 voicemail did Defendant state that the call was for the purpose of obtaining location information.

14. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. §1692b, §1692c(b) when in connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted Plaintiff's mother "Jean Gill" for purposes other than obtaining location information.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §1692b, §1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18. Defendant violated 15 U.S.C. § 1692b(2), §1692c(b) by disclosing to a third party the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §1692b(2), §1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 22nd day of December, 2011.

Respectfully submitted,

**KURT GILL**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com